[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15371
Non-Argument Calendar

_____

D. C. Docket No. 09-00053-CV-KD-N

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 29, 2010
JOHN LEY
CLERK

BERNICE MUHAMMAD,

Plaintiff-Appellant,

versus

HSBC BANK USA, N.A.,
as trustee for Merrill Lynch Mortgage
Investors, Inc. Mortgage Loan Asset - Backed
Certificates, Series 2002 - HEI,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(September 29, 2010)

Before TJOFLAT, EDMONDSON and COX, Circuit Judges.

PER CURIAM:

Bernice Muhammad appeals the district court's dismissal of her *pro se* action under the Fair Debt Collection Practices Act ("the Act"), 15 U.S.C. §§ 1692(e), (f) and (g). In January 2009, Muhammad filed a complaint and a motion for a temporary restraining order, alleging that HSBC, as Trustee for Merrill Lynch Mortgage Investors ("HSBC"), violated the Act as it related to the anticipated foreclosure of a mortgage on her home. The complaint, exhibits, and court records show that Muhammad has been challenging foreclosure in multiple proceedings since 2002, during which time she has on two occasions been in bankruptcy proceedings.

According to the complaint, after her second bankruptcy, HSBC accelerated her loan and notified her in writing that she owed $140,099.58. Muhammad alleged that she requested written verification of the debt, pursuant to the Act, but instead of furnishing such verification, HSBC began foreclosure proceedings. She asked the district court to issue an order enjoining the foreclosure and requiring HSBC to provide her information regarding her debt. In response, HSBC served Muhammad with documents that showed it had previously provided her written verification of the debt as requested. Muhammad did not challenge this response. HBSC also filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.

The case was referred to a magistrate judge, who issued a report and recommendation (R&R) that HSBC's motion to dismiss be granted. Muhammad filed

2

objections that, in addition to challenging the R&R, accused HSBC of fraud. In September 2009, the district court overruled Muhammad's objections, adopted the R&R as its opinion, and dismissed her case. According to records from Mobile County, Muhammad's home was sold at foreclosure on February 4, 2010.

On appeal, Muhammad makes a number of arguments, some of which are not readily discernable. None have merit. We address, however, two issues.[1] She argues that the district court erred in granting HSBC's Fed. R. Civ. P. 12(b)(6) motion to dismiss. And, she argues that the district court was precluded from adopting the magistrate judge's R&R because Muhammad never consented to a magistrate judge's exercise of jurisdiction. Muhammad's complaint sought two forms of relief: an injunction enjoining foreclosure of the mortgage on her home, and information about her mortgage debt.

The mortgage on Muhammad's home was foreclosed by sale at auction on February 4, 2010. Thus Muhammad's request for injunctive relief is now moot. Mootness is a jurisdictional issue, and must be addressed at the outset. If a case is moot, dismissal is required. *De La Teja v. United States*, 321 F.3d 1357, 1362 (11th Cir. 2003). And, "when an issue in a case become moot on appeal, the court not only

---

[1]Because Muhammad is proceeding *pro se*, we construe her brief liberally. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted).

3

must dismiss as to the mooted issue, but also vacate the portion of the district court's order that addresses it." *Id*. at 1364.

The magistrate judge found that the foreclosure sale which was the subject to the complaint was no longer occurring, apparently concluding that the claim for injunctive relief was moot. The district judge adopted the magistrate judge's R&R as the court's opinion. Whether or not the court correctly concluded that the claim for injunctive relief was moot (which we do not decide), it is clear that the claim for injunctive relief is now moot because the foreclosure sale has occurred. We therefore will amend the district court's judgment to dismiss this claim for want of subject matter jurisdiction because it is moot.

The district court's dismissal of the claim seeking information about the mortgage debt also appears to be grounded on a conclusion that the claim was mooted because Muhammad had received the requested information. Muhammad's objections to the magistrate judge's R&R did not challenge this finding. When a district court disposes of a case as moot, we treat the district court's determination as if it were a ruling on a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), even if the district court labeled its ruling otherwise. *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182-83 & n.10 (11th Cir. 2007) (construing grant of summary judgment as a Rule 12(b)(1) dismissal). We consider de novo a

district court's decision to grant a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *McElmurray v. Consol. Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1250 (11th Cir. 2007). In dismissing a case for lack of subject matter jurisdiction, a district court may consider facts outside of the pleadings. *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). We conclude that the claim seeking information about the mortgage debt was properly dismissed as moot.

We must find that the magistrate judge acted with authority in order to affirm a finding she made. We have no doubt that she acted with authority. The jurisdiction and powers of magistrate judges are set forth in 28 U.S.C. § 636. Specifically, a district court may delegate non-dispositive pretrial matters to a magistrate judge for a determination, which the district court can reconsider if "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The statute names a number of motions which may not be determined by a magistrate judge, including motions to dismiss for failure to state a claim upon which relief can be granted. *Id.*

However, under § 636(b)(1)(B), a district court may instruct a magistrate judge to submit to the district court "proposed findings of fact and recommendations" for the disposition of "any motion excepted in subparagraph (A)." 28 U.S.C. § 636(b)(1)(B). Then, within 14 days of being served with the magistrate judge's

findings, any party may file written objections to the proposed findings. 28 U.S.C. § 636(b)(1). The district court must make a de novo determination regarding those findings to which any party objects, and may accept, reject, or modify the magistrate judge's recommendations. *Id.* For actions taken in compliance with § 636(b)(1), consent is not required. *See Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 511-12 (11th Cir. 1990).

After review of the record and consideration of the parties' briefs, we find no error in the procedure in the district court. Because the magistrate judge did not issue a dispositive order but only a R&R, Muhammad's assertion that her consent was necessary is meritless. Moreover, Muhammad took advantage of her opportunity to object, and the district court reviewed and overruled her objections before adopting the R&R as its opinion. Finding nothing out of the ordinary about this process, we hold that the magistrate judge and district court acted within their authority.

We vacate the judgment of the district court dismissing the action without prejudice and amend it to read as follows: The action is DISMISSED for want of subject matter jurisdiction because the action is MOOT. The judgment as amended is affirmed.

JUDGMENT AMENDED AND AFFIRMED AS AMENDED.